In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3253

DEVON GROVES,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:11-cv-00089-RLM — **Robert L. Miller, Jr.**, *Judge*.

ARGUED DATE MAY 23, 2014 — DECIDED JUNE 19, 2014

Before BAUER and EASTERBROOK, *Circuit Judges*, and
ST. EVE, *District Judge*.*

ST. EVE, *District Judge*. A jury convicted Petitioner Devon
Groves for possession of a firearm by a felon and possession
of ammunition by a felon in violation of 18 U.S.C.

---

* The Honorable Amy J. St. Eve, of the United States District Court for
the Northern District of Illinois, sitting by designation.

§ 922(g)(1), and the district court sentenced him to the statutory maximum of 240 months in prison—120 months on each count—to run consecutively. This court affirmed the judgment. *See United States v. Groves*, 559 F.3d 637 (7th Cir. 2009). On March 2, 2011, Groves filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied Groves's § 2255 motion, and we affirm.

## I. PROCEDURAL BACKGROUND

In his § 2255 motion, Groves made the following arguments relevant to this appeal: (1) his trial counsel was constitutionally ineffective for failing to object to the Presentence Investigation Report's ("PSR") characterization of his 1995 burglary conviction as a crime of violence under U.S.S.G. §§ 2K2.1(a), 4B1.2(a)(2); and (2) his trial counsel was constitutionally ineffective "in failing to fulfill movant's intention to plead guilty." In an October 5, 2011, Opinion and Order, the district court concluded that counsel was not constitutionally ineffective for failing to object to the use of the 1995 burglary conviction as a basis for enhancing Groves's sentence under U.S.S.G. § 2K2.1(a). The district court reserved its ruling on Groves's claim that trial counsel was constitutionally ineffective for failing to pursue plea negotiations. The district court then held an evidentiary hearing on August 2, 2012. On August 17, 2012, the district court entered an Opinion and Order concluding that Groves's third court-appointed trial counsel was not constitutionally ineffective for failing to tell the government that Groves wanted to accept the government's plea offer. The district court entered judgment denying Groves's § 2255 motion on August 21, 2012.

On September 19, 2012, Groves filed a notice of appeal and a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the district court. On October 1, 2012, the district court denied the motion for a certificate of appealability. On February 14, 2013, we granted a certificate of appealability as follows: "We find that Groves has made a substantial showing that he received ineffective assistance of trial counsel. In addition to any other alleged errors by counsel that Groves wishes to argue, the parties should specifically address whether counsel was ineffective by failing to object to the use of Groves's prior burglary conviction to increase his base offense level under U.S.S.G. § 2K2.1(a)."

## II. FACTUAL BACKGROUND

Relevant to the present appeal, H. Jay Stevens represented Groves during his criminal proceedings from June to September 2006. During Stevens's representation, Groves wrote five letters to the district court concerning Stevens's conduct and other legal issues. Stevens moved to withdraw as counsel based on Groves's belief that Stevens was lying to him and withholding discovery. The district court granted Stevens's motion to withdraw on September 25, 2006.

The district court then appointed Anthony Kowals to represent Groves on October 5, 2006. On October 13, 2006, Groves informed Kowals that he was not interested in a plea agreement "because it would violate his state probation and he would be looking at an eight-year sentence" and because he believed "he would win at trial." Thereafter, Groves accused Kowals of mishandling his suppression motion and also accused Kowals of communicating privileged information to the government. Kowals moved to withdraw as counsel on November 6, 2006. The next day, the government

gave Kowals an unsolicited plea offer for Groves. Kowals then gave Groves a copy of the plea agreement on November 8, 2006. Also on November 8, the district court conducted a hearing on Kowals's motion to withdraw. On November 9, the district court denied the motion to withdraw.

On November 20, 2006, Groves informed Kowals that "he was interested in getting a computation with regard to a plea," although he also expressed his interest in going to trial. Two days later, Kowals provided Groves with a computation of the guidelines range under the plea agreement. At that time, Groves also informed Kowals of the witnesses he wanted to call at trial. After discussing these witnesses, Groves told Kowals that he did not want him to be his attorney.

On November 22, 2006, Kowals filed his second motion to withdraw. Also in November 2006, Groves sent the district court a letter explaining that Kowals talked to him about a plea agreement informing him about the prison time he would face if he went to trial and told Groves to take the plea agreement. In his letter to the district court, Groves stated that he was not interested in the plea agreement. Thereafter, Groves spoke to a fellow inmate who advised him to take the plea. At that point, Groves maintains that he decided to plead guilty and signed the proposed agreement. The signed plea agreement never reached Kowals nor the district court.

On December 5, 2006, the district court granted Kowals's motion to withdraw and appointed Brian J. May as defense counsel for Groves. Kowals gave May the entire defense case file. Kowals testified at the § 2255 evidentiary hearing that he thought a copy of the plea offer was in the file, but May testi-

fied that he did not recall seeing one. In any event, May did not have any conversations about a plea with Groves. According to May, "Mr. Groves wanted a trial. Mr. Groves didn't do what he was accused of, according to Mr. Groves." May further testified, "the only thing I ever got from Groves was, 'Trial.'"

### III. ANALYSIS

Groves's § 2255 claims concern whether his trial counsel was constitutionally ineffective in violation of the Sixth Amendment. To establish constitutionally ineffective assistance of counsel, Groves must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States*, 648 F.3d 524, 527–28 (7th Cir. 2011). To establish prejudice, Groves must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013). If Groves is unable to make a sufficient showing of one of the *Strickland* prongs, we need not consider the other. *See Strickland*, 446 U.S. at 697; *Atkins v. Zenk*, 667 F.3d 939, 946 (7th Cir. 2012).

Groves first contends that May's performance was objectively unreasonable because he failed to discuss the govern-

ment's November 2006 plea offer with him. Groves, however, does not argue that the district court's adverse credibility determinations or detailed factual findings made after the August 2, 2012, evidentiary hearing are clearly erroneous. Instead, he relies on his version of the events in making his appellate arguments. Nevertheless, we turn to the district court's findings made after the evidentiary hearing, in which the court found that on December 14, 2006, May retrieved Groves's defense file from Kowals and that the file did not contain a *signed* plea agreement. The district court also credited Kowals's and May's testimony that Groves never mentioned his intention to plead guilty over Groves's contradicting testimony. Further, the district court concluded that although for a brief moment in November 2006, Groves wanted to plead guilty after talking to a fellow inmate, by the next time Groves communicated with Kowals, he told Kowals that he did not want to plead guilty. In fact, the record is replete with Groves's statements to both Kowals and May that he wanted to go to trial.

In addition, Groves wrote a letter to the district court in November 2006 informing the court that Kowals had discussed a plea with him and he "wasn't interested in a plea at all." Groves sent the district court at least five additional letters. In these letters, Groves never complained to the court that he did not want to proceed to trial or that his counsel failed to discuss the plea agreement with him.

On appeal, Groves argues that pursuant to recent Supreme Court precedent, May was required to pursue the plea agreement despite the fact that Kowals discussed the plea agreement with him after which he rejected it. *See Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012) (defense counsel

have a duty "to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."); *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012) ("[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it"). In short, the Supreme Court in *Lafler* and *Frye* held "that lawyers must tell their clients about offers of plea bargains." *Estremera v. United States*, 724 F.3d 773, 778 (7th Cir. 2013). Here, Kowals did just that and Groves rejected the offer. Assuming May was aware that the government had made a plea offer prior to his appointment as Groves's defense counsel, *Lafler* and *Frye* do not require subsequent counsel to press a plea offer on a defendant who has already rejected any such offer—nor is it per se prejudice for failing to do so, as Groves asserted at oral argument. Indeed, the Supreme Court set forth a complicated test for prejudice under the circumstances. *See Frye*, 132 S.Ct. at 1409. In sum, May's failure to discuss the November 2006 plea offer after Groves had rejected it earlier in his criminal proceedings and repeatedly insisted on going to trial was not ineffective assistance of counsel.

Second, Groves maintains that his trial counsel had a duty to carefully review the PSR's sentencing calculations, investigate and research issues that were potentially favorable to him, and object to material errors or miscalculations. More specifically, Groves argues that his trial counsel was constitutionally ineffective for failing to object to the Probation Office's characterization of his 1995 burglary as a crime of violence under U.S.S.G. § 4B1.2(a)(2).

Relevant to his convictions under 18 U.S.C. § 922(g)(1) is U.S.S.G. § 2K2.1(a)(2), Unlawful Receipt, Possession, or

Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition, which states in relevant part:

Base Offense Level (Apply the Greatest):

…

> (2) 24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

Sentencing Guideline § 4B1.2(a)(2) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Groves's PSR indicated that one of his prior felony convictions relevant to § 2K2.1(a)(2) included a 1995 burglary that the Probation Office determined was a crime of violence —based on the charging information—because the burglary involved a dwelling. Groves, however, pleaded guilty to the lesser offense of burglary of a building (a Class C offense) under Indiana Code § 35-43-2-1, not to the Class B felony burglary of a dwelling charged in the information. As such, Groves argues that counsel should have objected to the PSR's recommendation because the Probation Office im-

properly relied upon Groves's charging documents in determining that the 1995 burglary was of a dwelling, and therefore, a crime of violence.

Until at least 2009, confusion existed regarding the approach sentencing courts must take in determining whether a prior conviction fits the definition of "crime of violence" set forth in § 4B1.2(a)(2). *See United States v. Woods*, 576 F.3d 400, 405 (7th Cir. 2009). Prior to *Woods*, courts in this circuit used different approaches, sometimes called the categorical approach and the modified categorical approach, in determining whether a prior conviction constituted a "crime of violence" under § 4B1.2(a)(2). *See, e.g., United States v. Newbern*, 479 F.3d 506, 508 (7th Cir. 2007) ("Only where the statutory elements and the content of the charging document do not resolve whether the crime of conviction constitutes a 'crime of violence' should a court look further, and then only to documents like plea agreements and transcripts of plea colloquies, or to admissions by the defendant"), *abrogated by United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008) ("This rule is not meant to circumvent the categorical approach by allowing courts to determine whether the actual conduct of the individual defendant constituted a purposeful, violent and aggressive act."). In *Woods*, we clarified that sentencing courts can only consult additional materials, such as charging instruments, if the criminal statute was divisible, namely, if the offense covers a wide variety of conduct that poses a risk of violence and also conduct that does not. *See id.* at 405. On the other hand, if a statute is indivisible or nondivisible, sentencing courts must apply the categorical approach and look only to the statute and the judgment of conviction in determining whether the statute is a "crime of violence" for purposes of § 4B1.2(a)(2). *See id.* at 407. In 2013,

the Supreme Court adopted the divisible/indivisible distinction as discussed in *Woods*. *See Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013). To date, the Supreme Court has not made *Descamps* retroactive on collateral review.

In this context, counsel's failure to object to the PSR's characterization of Groves's 1995 burglary was not ineffective assistance of counsel under *Strickland*. The district court sentenced Groves in May 2007, over two years before the *Woods* decision and six years before *Descamps*. We cannot say that counsel's performance "fell below an objective standard of reasonableness," because counsel failed to anticipate *Descamps* and future Seventh Circuit case law clarifying the application of § 4B1.2(a)(2).

Even if counsel erred for failing to object to the PSR's characterization of Groves's 1995 burglary conviction, we do not examine this error in isolation, but instead analyze counsel's performance as a whole. *See Williams v. Lemmon*, 557 F.3d 534, 538 (7th Cir. 2009) ("It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one"). At Groves's sentencing, trial counsel successfully challenged two enhancements recommended in the PSR, thus reducing the advisory guideline calculations from 235–240 months to 151–188 months. Counsel, for example, successfully argued against the obstruction of justice enhancement under U.S.S.G. § 3C1.1. In light of counsel's overall performance, his assistance of counsel was constitutionally reasonable under *Strickland*. Because Groves has not established the performance prong of

*Strickland*, we need not consider whether counsel's performance prejudiced him.

                                                        AFFIRMED