J-S52036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY JOSEPH RACO | |
| Appellant | No. 286 WDA 2015 |

Appeal from the PCRA Order of January 28, 2015
In the Court of Common Pleas of Somerset County
Criminal Division at No.: CP-56-CR-0000209-2011

BEFORE: SHOGAN, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.: **FILED NOVEMBER 4, 2015**

Anthony Raco appeals the January 28, 2015 order dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The PCRA court has comprehensively and correctly ruled upon Raco's claims in its opinion in support of its order dismissing Raco's PCRA petition and its opinion pursuant to Pa.R.A.P. 1925(a). We adopt the PCRA court's opinions as our own, and we affirm the order.

In this case, Raco was charged with involuntary deviate sexual intercourse by forcible compulsion, sexual assault, unlawful restraint, and indecent assault by forcible compulsion.[1] Raco initially hired Arthur T. McQuillan, Esq. to represent him at trial. However, Raco eventually

_____

[1] 18 Pa.C.S. §§ 3123(a)(1), 3124.1, 2902(a)(2), and 3126(a)(2).

disengaged Attorney McQuillan, and hired Sally Frick, Esq., and George Bills, Esq., to represent him. With Attorneys Frick and Bills, Raco waived his right to a jury trial, and instead elected to proceed with a bench trial.

At the conclusion of the non-jury trial, the trial court convicted Raco of sexual assault, and acquitted him of the remaining charges.[2] On April 30, 2014, the trial court sentenced Raco to twenty-four to forty-eight months' incarceration. Pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10 *et seq.*, Raco, having been convicted of sexual assault, was designated to comply with the requirements of SORNA for his lifetime. Raco filed a post-sentence motion, in which he alleged that SORNA was unconstitutional. The trial court denied the motion.

Raco did not file an appeal. Instead, he proceeded directly to the collateral stage of his case by filing a PCRA petition on October 23, 2014. Raco alleged that prior counsel were ineffective for failing to communicate to him on the day of trial that the assistant district attorney had made a standing offer that would permit Raco to plead guilty to indecent assault, which would have resulted in a lesser sentence and a shorter reporting period under SORNA. Raco alleged that trial counsel never communicated

_____

[2] The facts presented at the non-jury trial in support of the conviction are immaterial to our disposition of this appeal. Thus, we will not recite them here.

the standing offer to him, and that he would have accepted it had they done so.

The PCRA court held multiple hearings on the petition. The court has summarized trial counsel's[3] testimony as follows:

> At the evidentiary hearing [at which counsel testified], trial counsel acknowledged that while the assistant district attorney extended a plea offer immediately before trial, the offer was not communicated or discussed with [Raco], and trial counsel rejected the offer. However, trial counsel testified that throughout their representation of [Raco], they had discussed many possible resolutions with [Raco]. These resolutions included discussions related to the possibility of Accelerated Rehabilitative Disposition, which was objected to by the victim, and a plea offer of sexual assault, which was discussed with and ultimately rejected by [Raco]. Trial counsel testified that, at some point while representing [Raco], there were discussions relating to a plea offer of indecent assault. However, this plea offer carried with it mandatory reporting requirements, "which was the problem." More specifically, trial counsel noted that, based on discussion with [Raco], it appeared that [Raco] wanted to avoid two things: SORNA reporting requirements and incarceration. After trial counsels' "extensive discussions" with [Raco] about the possibility of pleading guilty to indecent assault and the potential ramifications of such a guilty plea, [Raco] rejected the plea offer due to the fact that indecent assault carried mandatory reporting requirements under SORNA.
>
> Despite [Raco's] prior rejection of the plea offer, the assistant district attorney advised trial counsel, immediately before trial, that a plea offer of indecent assault remained on the table. Without communicating to [Raco] that the plea offer was still available, trial counsel rejected the offer because "we were ready to go to trial. As far as [trial counsel] was concerned, that

_____

[3]  Both Attorney Frick and Attorney Bills testified at the PCRA hearing. The PCRA court does not distinguish between the two in summarizing their testimony. However, this minor lack of clarity does not disrupt our analysis or disposition of this case.

- 3 -

issue had been decided." Trial counsel testified that they "had talked about so many offers at so many times – yeah, we were just ready to go [to trial], and that's what [trial counsel] thought everybody wanted to do." Moreover, on the day of trial, trial counsel believed the issue of a plea deal was "a moot point" because [Raco] had previously rejected the offer of indecent assault with the attached mandatory reporting requirements.

PCRA Court Opinion ("P.C.O."), 1/29/2015, at 2-3 (capitalization modified for clarity; references to notes of testimony omitted).

The PCRA court specifically credited trial counsel's testimony. *Id.* at 6. Relying upon that testimony, the court dismissed Raco's PCRA petition. On February 17, 2015, Raco filed a notice of appeal. In response, the PCRA court directed Raco to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 6, 2015, Raco timely complied. On March 25, 2015, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a), in which the court adopted the rationale that it set forth in its January 29, 2015 opinion in support of dismissing Raco's PCRA petition as dispositive of all but one of Raco's issues. The PCRA court then addressed the final issue raised by Raco that had not been addressed in its original opinion.

Raco raises five issues for our review:

A. Whether, under both Pennsylvania and federal law, former trial counsel were constitutionally ineffective, thus, requiring vacation of conviction and grant of new trial, where at no relevant time did former trial counsel advise [Raco] of the details, or even the existence, of a formal plea offer that was communicated by the Commonwealth to former trial counsel and held open until the day of trial?

- 4 -

B. Whether, under both Pennsylvania and federal law, the [PCRA court] accorded undue weight to the equivocal testimony of former trial counsel to determine that former trial counsel did, in fact, advise [Raco] of the details of a formal plea offer that was communicated by the Commonwealth to former trial counsel and held open until the day of trial where the formal record is devoid of any evidence establishing specifically when former trial counsel allegedly discussed the plea offer with [Raco], where it was discussed, how it was discussed, what was discussed, and when, in fact, [Raco] presented evidence to the contrary, including, but not limited to, the testimony of three witnesses, including [Raco]?

C. Whether, under both Pennsylvania and federal law, the [PCRA court] committed an error of law in determining that former trial counsel was not constitutionally ineffective for failing to advise [Raco] of a formal plea offer that was communicated by the Commonwealth to former trial counsel and held open until the day of trial where the formal record is devoid of any evidence establishing specifically when former trial counsel allegedly discussed the plea offer with [Raco], where it was discussed, how it was discussed, and what was discussed?

D. Assuming *arguendo* that former trial counsel advised [Raco] of the details of a formal plea offer extended by the Commonwealth prior to trial and [Raco] rejected the same, whether, under both Pennsylvania and federal law, former trial counsel was, nonetheless, constitutionally ineffective where the Commonwealth communicated said offer to former trial counsel on the day of trial and it is wholly undisputed that former trial counsel failed to communicate the re-extension of that offer to [Raco]?

E. Whether, under both Pennsylvania and federal law, the [PCRA court] improperly construed and weighed the evidence to find that trial counsels' ineffectiveness did not prejudice [Raco] because [Raco] allegedly failed to show that he would, in fact, have accepted the Commonwealth's formal plea offer had said offer been communicated to [Raco] by the former trial counsel?

Brief for Raco at 5-7.

We begin with the legal principles that govern this case.

This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Id.*** Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." ***Id.*** (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." ***Id.***

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668 (1984), as the following three-factor inquiry:

[I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

***Commonwealth v. Reed***, 971 A.2d 1216, 1221 (Pa. 2005) (citing ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987)). Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence. ***Commonwealth v. Rathfon***, 899 A.2d 365, 369

(Pa. Super. 2006); *see Commonwealth v. Meadows*, 787 A.2d 312, 319-20 (Pa. 2001).

The requirement that counsel be effective extends to the plea bargaining process. Accordingly, trial counsel has an affirmative duty to communicate all plea offers to his or her client. *See Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1408 (2012). A PCRA petitioner who claims that counsel was ineffective for failing to communicate an offer still must demonstrate that he or she was prejudiced by counsel's failure to communicate a plea offer. *Id.* at 1409-10.

Raco's issues can be considered collectively. In general terms, Raco is challenging the PCRA court's credibility determinations and the legal conclusions drawn therefrom. The PCRA court has thoroughly addressed these issues in its two opinions. We have reviewed the certified record, the briefs of the parties, and the applicable law, and conclude that the PCRA court's determinations are supported by the record and its legal conclusions are correct. We adopt the PCRA court's comprehensive analysis disposing of Raco's issues in both its January 29, 2015 opinion and its March 25, 2015 opinion. Copies of those opinions are attached hereto for convenience.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015

CLERK OF COURTS
SOMERSET, PA

2015 JAN 29 PM 2:02

FILED FOR RECORD

| | |
|---|---|
| COMMONWEALTH | ) IN THE COURT OF COMMON PLEAS |
| | ) OF SOMERSET COUNTY, |
| | ) PENNSYLVANIA |
| v. | ) |
| | ) |
| | ) NO. 209 CRIMINAL 2011 |
| ANTHONY JOSEPH RACO, | ) |
| | ) |
| | ) PETITION FOR POST-CONVICTION |
| Petitioner/Defendant. | ) COLLATERAL RELIEF |

For the Commonwealth:  Lisa Lazzari-Strasiser, Esq.; District Attorney

For Defendant:  Daniel W. Rullo, Esq.

Hearing:  December 3, 2014

## MEMORANDUM

This matter is before us on Defendant's Petition for Post-Conviction Collateral Relief (hereinafter, the "Petition") pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541, *et seq.* (hereinafter, the "PCRA"). On January 24, 2014, following a non-jury trial, Defendant was convicted of Sexual Assault, 18 Pa.C.S.A. § 3124.1, a felony of the second degree. On April 30, 2014, Defendant was sentenced to incarceration in the Somerset County Jail for not less than twenty-four (24) months and not more than forty-eight (48) months. Defendant was further sentenced to abide by the regulations and registration verification requirements of the Sex Offender Registration and Notification Act (hereinafter, "SORNA"). In this case, those requirements amounted to a lifetime registration. On May 9, 2014, Defendant filed a Post-

1-29-15
Copy to DA x2, Adult, Atty. Rullo x 2, Legal Journal



61
11 pages

Sentence Motion in which he challenged the constitutionality of SORNA. By Order of Court dated September 8, 2014, Defendant's Post-Sentence Motion was denied. Defendant's timely Petition followed.

In the Petition, Defendant asserts that Trial Counsel's[3] failure to inform him of a standing plea offer denied him the effective assistance of counsel. Specifically, Defendant alleges that a plea offer was communicated to Trial Counsel by the Assistant District Attorney "long before [Defendant's] trial," and Defendant was never advised of said offer. (Petition at ¶ 9). The plea offer extended by the Assistant District Attorney is alleged to have been a formal offer, and consisted of a guilty plea to Indecent Assault, 18 Pa.C.S.A. § 3126, a misdemeanor of the second degree. Defendant further alleges that the formal standing plea offer "remained on the table" and the Assistant District Attorney "reminded [T]rial [C]ounsel of the standing [plea] offer up until the time of trial." *Id.* at ¶ 14. Defendant contends that, despite reminders from the Assistant District Attorney, Trial Counsel never advised Defendant of the standing plea offer and Trial Counsel rejected said offer without consulting Defendant. *Id.*

On December 3, 2014, we held an evidentiary hearing regarding the Petition. At the evidentiary hearing, Trial Counsel acknowledged that while the Assistant District Attorney extended a plea offer immediately before trial, the offer was not communicated to or discussed with Defendant, and Trial Counsel rejected the offer. (Evidentiary Hearing Transcript at pages 5-6, lines 15-25, 1-13, December 16, 2014); *Id.* at 23, lines 7-20. However, Trial Counsel testified that throughout their representation of Defendant, they had discussed many possible resolutions with Defendant. *Id.* at 8, lines 2-8. These resolutions included discussions related to the possibility of Accelerated Rehabilitative Disposition, which was objected to by the victim, and a plea offer of Sexual Assault, which was discussed with and ultimately rejected by

---

[3] Here, Trial Counsel includes both Sally A. Frick, Esq. and George W. Bills, Jr., Esq.

Defendant. Trial Counsel testified that, at some point while representing Defendant, there were discussions relating to a plea offer of Indecent Assault. However, this plea offer carried with it mandatory reporting requirements, "which was the problem." *Id.* at 12, lines 19-22. More specifically, Trial Counsel noted that, based on discussions with Defendant, it appeared that Defendant wanted to avoid two things: SORNA reporting requirements and incarceration. *Id.* at 13, lines 7-14. After Trial Counsel's "extensive discussion[s]" with Defendant about the possibility of pleading guilty to Indecent Assault and the potential ramifications stemming from such a guilty plea, Defendant rejected the plea offer due to the fact that Indecent Assault carried mandatory reporting requirements under SORNA. *Id.* at 25, lines 9-10.

Despite Defendant's prior rejection of the plea offer, the Assistant District Attorney advised Trial Counsel, immediately before trial, that a plea offer of Indecent Assault remained on the table. Without communicating to Defendant that the plea offer was still available, Trial Counsel rejected the offer because "we were ready to go to trial. As far as [Trial Counsel] was concerned, that issue had been decided." *Id.* at 16, lines 15-16. Trial Counsel testified that they "had talked about so many offers at so many times -- yeah, we were just ready to go [to trial], and that's what [Trial Counsel] thought everybody wanted to do." *Id.* at 16, lines 19-21. Moreover, on the day of trial, Trial Counsel believed the issue of a plea deal was a "moot point" because Defendant had previously rejected the offer of Indecent Assault with the attached mandatory reporting requirements. *Id.* at 29-30, lines 21-25, 1-2.

To be eligible for relief under the PCRA, Defendant must plead and prove by a preponderance of the evidence that his conviction resulted from the "[i]neffective assistance of counsel which, in the circumstances of [this] particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

3

42 Pa.C.S.A. § 9543(a)(2)(ii). In evaluating a claim of ineffectiveness, counsel is presumed to be effective, and it is Defendant's burden to show otherwise. *Commonwealth v. Howard*, 749 A.2d 941, 949 (Pa. Super. 2000); *Commonwealth v. Witherspoon*, 392 A.2d 1313, 1315 (Pa. 1978); *see Strickland v. Washington*, 466 U.S. 668, 689 (1984) (reasoning that the court's review of counsel's performance must be "highly deferential[,] ... indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.").

It is well settled that the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution guarantee that the accused shall enjoy the right to effective assistance of counsel at all critical stages of a criminal proceeding. *Commonwealth v. Grant*, 992 A.2d 152, 156 (Pa. Super. 2010) (citing *Strickland*, 466 U.S. at 684-86; *Mempa v. Rhay*, 389 U.S. 128, 134 (1967)); *see* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence."). The right to effective assistance of counsel "is mandated by the Sixth Amendment because lawyers 'are the means through which the other rights of the person on trial are secured,' and through which the prosecution's case is subjected to 'meaningful adversarial testing.'" *Grant*, 992 A.2d at 156 (citing *United States v. Cronic*, 466 U.S. 648, 653-56 (1984)); *see Commonwealth v. Pierce*, 527 A.2d 973, 981 (Pa. 1987) (citing *Strickland*, 466 U.S. at 684-85) ("The Sixth Amendment right to counsel exists in order to protect the fundamental right to a fair trial."). Moreover, plea negotiations are a critical stage of a criminal proceeding where "criminal defendants require effective counsel." *Missouri v. Frye*, ___ U.S. ___, ___, 132 S.Ct. 1399, 1407-08 (2012); *accord Lafler v. Cooper*, ___ U.S. ___, ___, 132 S.Ct. 1376 (2012); *see Padilla v. Kentucky*, 599 U.S. 356, 364 (2010) (citing *McMann v.*

4

*Richardson*, 397 U.S. 759, 771 (1970)) ("Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'"). During plea negotiations, anything less than effective counsel "might deny a defendant 'effective representation by counsel at the only stage when legal aid and advice would help him.'" *Id.* at 1409 (quoting *Massiah v. United States*, 377 U.S. 201, 204 (1964)) (internal quotations omitted). Thus, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408.

For reversal of a conviction based upon claims that counsel's assistance was ineffective, a defendant must show that: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In Pennsylvania, the PCRA essentially adopts the *Strickland* standard, under which our courts have created a three-pronged performance and prejudice test. Specifically, Pennsylvania law requires a petitioner to show that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused the prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987); *Commonwealth v. Washington*, 927 A.2d 586 (Pa. 2007). If a defendant fails to meet any prong in the *Pierce* test, then his or her claim of ineffectiveness may be denied. *Washington*, 927 A.2d at 594.

Here, the testimony presented by Trial Counsel at the evidentiary hearing establishes that Trial Counsel *did* in fact inform Defendant of the Commonwealth's plea offer at some point in the period of time leading up to Defendant's trial. Trial Counsel testified that they had

5

"a number of discussions with the [Assistant District Attorney]" and Defendant about "possible resolutions" to this case. (Evidentiary Hearing Transcript at page 8, lines 1-8, December 16, 2014). At one point, Trial Counsel discussed with Defendant the possibility of Accelerated Rehabilitative Disposition. At yet another time, the Commonwealth extended a written plea offer of Sexual Assault, a felony of the second degree, and Defendant rejected this offer on the advice of Trial Counsel. Finally, and most importantly, there existed a plea offer of Indecent Assault, a misdemeanor of the second degree. Trial Counsel testified that the plea offer of Indecent Assault was communicated to and discussed extensively with Defendant, including discussions relating to the ramifications of pleading guilty to Indecent Assault. *Id.* at 25, lines 9-10. However, the plea offer of Indecent Assault was not acceptable to Defendant because it carried with it mandatory reporting requirements, and Defendant ultimately rejected the Commonwealth's offer. *Id.* at 12, lines 19-25.

After thoroughly evaluating their testimony, we find Trial Counsel to be most credible. Indeed, we must not ignore the fact that Trial Counsel are officers of the legal system, and have an ethical and professional obligation to remain candid toward this Court. Pa. R.P.C. 3.3; *see id.*, cmt. 2 (explaining that a "lawyer must not allow the tribunal to be misled by false statements of ... fact or evidence that the lawyer knows to be false."). Furthermore, we find Trial Counsel's credibility to be bolstered by their truthful and sincere admission that they did not communicate to or advise Defendant of the plea offer immediately before trial. After consideration of all circumstances surrounding this case, we accept Trial Counsel's recollection of the facts. As such, we must decide if Trial Counsel's conduct fell below professional standards.

There is no doubt that "as a general rule, defense counsel has the duty to communicate

6

formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S.Ct. at 1408. The United States Supreme Court, however, has indicated that there are perhaps exceptions to that general rule, although they have yet to explore what those exceptions may be. *Id.* However, in *Groves v. United States*, 755 F.3d 588 (7th Cir. 2014), while deciding whether counsel was constitutionally ineffective for not discussing a plea offer with a defendant, the United States Court of Appeals for the Seventh Circuit expressed one such exception. *Groves*, 755 F.3d at 591. In that case, after the defendant's first attorney withdrew from the case, the government extended a plea offer to the defendant. After discussing the offer with his second attorney, the defendant rejected the government's proposed plea agreement. *Id.* at 590. Subsequently, the defendant's second attorney filed a motion to withdraw, which was granted. The United States District Court then appointed a third attorney to represent the defendant. Throughout his representation of the defendant, the third attorney was unaware of the government's proposed plea offer. As such, the third attorney did not have any conversations with the defendant about the government's offer, and instead proceeded to trial. *Id.* at 591. After his conviction, the defendant filed a motion claiming that the third attorney's "performance was objectively unreasonable because [the attorney] failed to discuss the government's ... plea offer with him." *Id.* The District Court entered judgment denying the defendant's motion, and the defendant appealed.

On Appeal, the Seventh Circuit, relying on *Lafler* and *Frye*, acknowledged that "'lawyers must tell their clients about offers of plea bargains.'" *Id.* at 592 (quoting *Estremera v. United States*, 724 F.3d 773, 778 (7th Cir. 2013)). However, the Court found that the defendant's first attorney "did just that and [the defendant] rejected the offer." *Id.* The Court reasoned that "*Lafler* and *Frye* do not require subsequent counsel to press a plea offer on a

7

defendant who has already rejected any such offer – nor is it per se prejudice for failing to do so." *Id.* Thus, the Court held that the third attorney's "failure to discuss the ... plea offer after [the defendant] had rejected it earlier in his criminal proceedings ... was not ineffective assistance of counsel." *Id.*

Although we are not bound by the Seventh Circuit decision in *Groves*, we find this decision to be most persuasive. In the case *sub judice*, the Commonwealth presented a plea offer to Defendant, and Defendant and Trial Counsel had "extensive discussion[s]" about the plea offer and its potential ramifications, including the attached reporting requirements mandated under SORNA. (Evidentiary Hearing Transcript at page 25, lines 9-10, December 16, 2014). Based on his discussions with Trial Counsel, Defendant rejected the Commonwealth's offer. Here, much like in *Groves*, Trial Counsel was not required to press onto Defendant the very plea offer which Defendant had previously rejected earlier in the legal process, and Trial Counsel was not ineffective for failing to do so. It is clear that Trial Counsel fulfilled the ethical and professional obligations that were owed to Defendant regarding the Commonwealth's plea offer.

Furthermore, to the extent Trial Counsel's performance could be construed as ineffective, we find that Defendant suffered no prejudice. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, [a] defendant[] must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 132 S.Ct. at 1409. Furthermore, a defendant must "demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing

8

to accept it."[4]  *Id.*  To establish prejudice, "it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.*  Defendant alleges that he was prejudiced by having to stand trial and because of that he is now suffering penalties that are more severe than those that he would have received by accepting the Commonwealth's plea offer.  Indeed, a defendant "who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence." *Lafler*, 132 S.Ct. at 1386.  However, for prejudice to exist Defendant has the burden to prove that there is a reasonable probability that he would have accepted the Commonwealth's standing plea offer if Trial Counsel had communicated the plea offer to Defendant immediately before the start of trial.

We find Defendant has failed to satisfy his burden, as we are not convinced that there exists a reasonable probability that he would have accepted the plea offer immediately before trial.  In reaching this determination, we find that Defendant's testimony is not particularly credible,[5] as most of his claims were directly refuted by the credible testimony of Trial Counsel.  Furthermore, the testimony revealed that Defendant's aim was to avoid incarceration and reporting requirements, and the plea offer would have, at the very least, carried with it mandatory reporting requirements.  Additionally, we find it noteworthy that Defendant had

---

[4] We find there is a reasonable probability that the prosecution would not have cancelled the plea offer.  Indeed, the plea was re-offered mere minutes before trial; thus, it seems unlikely that the Assistant District Attorney would have cancelled the plea offer immediately after communicating said offer.  Moreover, we find it unlikely that the judge would not have accepted the plea offer. *See Frye*, 132 S.Ct. at 1410 (reasoning that "[i]t can be assumed that ... prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences[;]" therefore "it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial withdrawal or judicial nonapproval of a plea bargain.").  Here, there is nothing in the record that would lead us to find that the plea offer would have been withdrawn by the prosecutor or would not have been approved by a judge of this County.

[5] In reaching this credibility determination, we considered the conflicting testimony of Trial Counsel and our observations of Defendant's tone, mannerisms, and behavior while testifying at the evidentiary hearing.

9

previously rejected the very plea offer that is the basis of his Petition.

Finally, we must note that Defendant never testified that he would have accepted the Commonwealth's standing plea offer immediately before trial. During the evidentiary hearing, Defendant's attorney asked: "Would you have accepted that offer -- *today, knowing the situation*, would you have accepted that offer in order to avoid incarceration and avoid the lifetime reporting responsibility?" (Evidentiary Hearing Transcript at page 5, lines 5-9, December 8, 2014) (emphasis added). Although Defendant responded in the affirmative, we do not believe that this hindsight question is the correct inquiry. Rather, to satisfy his burden, Defendant would need to establish that, regardless of his conviction and sentence, he would have accepted the plea offer if it had been communicated by Trial Counsel. There is no doubt that, now knowing the ultimate outcome of his trial, Defendant would have taken the plea offer to avoid both a lengthy incarceration sentence and lifetime reporting requirements. Yet what Defendant needed to establish is that there is a reasonable probability that he would have accepted the plea offer in order to avoid *trial* and the *potential* ramifications stemming from trial. He has failed to do so. Rather, what the totality of evidence establishes is mere sentence dissatisfaction, not prejudice.

Accordingly, we enter the following order:

COMMONWEALTH )  IN THE COURT OF COMMON PLEAS
                                         )  OF SOMERSET COUNTY,
                                         )  PENNSYLVANIA

            v. )

                                           )  NO. 209 CRIMINAL 2011

ANTHONY JOSEPH RACO, )

                                         )  PETITION FOR POST-CONVICTION
                  Petitioner/Defendant. )  COLLATERAL RELIEF

## ORDER

AND NOW, this ___28___ day of January 2015, upon review of Defendant's Petition for Post-Conviction Collateral Relief, in accordance with the foregoing Memorandum of Law, it is ORDERED that said Petition is DENIED.

BY THE COURT:

_____
JOHN M. CASCIO, P.J.

11

CLERK OF COURTS
SOMERSET, PA

2015 MAR 26  AM 11:52

FILED FOR RECORD

COMMONWEALTH ) IN THE COURT OF COMMON PLEAS
) OF SOMERSET COUNTY,
v. ) PENNSYLVANIA
)
ANTHONY JOSEPH RACO, )
)
Defendant. ) NO. 209 CRIMINAL 2011

## STATEMENT PURSUANT TO Pa.R.A.P. 1925(a)

This statement is issued in compliance with the directive of Pennsylvania Rule of Appellate Procedure 1925(a). Defendant having complied with our directive to file a concise statement of matters complained of on appeal, the following is our reply.

On January 24, 2014, following a non-jury trial, Defendant was convicted of Sexual Assault, 18 Pa.C.S.A. § 3124.1, a felony of the second degree. On April 30, 2014, Defendant was sentenced to incarceration in the Somerset County Jail for not less than twenty-four (24) months and not more than forty-eight (48) months, and was further sentenced to abide by the regulations and registration verification requirements of the Sex Offender Registration and Notification Act. Defendant filed a Post-Sentence Motion, and on September 8, 2014, said motion was denied. Thereafter, Defendant filed a Petition for Post-Conviction Collateral Relief (hereinafter, the "Petition"), which was denied by Order of Court dated January 28, 2015. Defendant's timely appeal followed.

In his Rule 1925(b) Statement of Matters Complained of on Appeal (hereinafter, the "Statement"), Defendant asserts the following:

3-26-15
Copy to DA, atty. Buller

(1) This Court erred in determining that former trial counsel for Defendant (hereinafter, "Trial Counsel") was not constitutionally ineffective where at no relevant time did Trial Counsel credibly testify that they advised Defendant of the details, or even the existence of, a formal plea offer that was communicated by the Commonwealth to Trial Counsel and held open until the day of trial;

(2) This Court erred by according due weight to the equivocal testimony of Trial Counsel to determine that Trial Counsel did, in fact, advise Defendant of the details of a formal plea offer that was communicated by the Commonwealth to Trial Counsel and held open until the day of trial where the formal record is devoid of any evidence establishing when Trial Counsel allegedly discussed the plea offer with Defendant, where it was discussed, how it was discussed, and what was discussed, when, in fact, Defendant presented evidence to the contrary, including, but not limited to, the testimony of three witnesses, including Defendant;

(3) This Court erred as a matter of law in determining that Trial Counsel was not constitutionally ineffective for failing to advise Defendant of a formal plea offer that was communicated by the Commonwealth to Trial Counsel and held open until the day of trial where the formal record is devoid of any evidence establishing specifically when Trial Counsel allegedly discussed the plea offer with Defendant, where it was discussed, how it was discussed, and what was discussed;

(4) Assuming, *arguendo*, Trial Counsel advised Defendant of the details of a formal plea offer extended by the Commonwealth prior to trial and Defendant rejected the same, this Court erred as a matter of law in finding that Trial Counsel was not constitutionally ineffective where the Commonwealth communicated said offer to

Trial Counsel on the day of trial and it is wholly undisputed that Trial Counsel failed to communicate the re-extension of that offer to Defendant;

(5) This Court erred by improperly construing the question out of context and weighing the evidence to find that Trial Counsel's ineffectiveness did not prejudice Defendant because, according to the Court, Defendant failed to show that he would, in fact, have accepted the Commonwealth's formal plea offer had said offer been communicated to Defendant by Trial Counsel.

(Statement at ¶¶ 15-19). We note that the reasons for the Order complained of are clearly stated in our Memorandum and Order entered January 28, 2015. However, we briefly write further to clarify the January 28, 2015 Memorandum and Order in light of Defendant's final matter complained of on appeal: that we erred by improperly construing a question out of context and weighing the evidence to find that Defendant was not prejudiced because Defendant failed to show that he would have accepted the Commonwealth's plea offer had said offer been communicated to Defendant by Trial Counsel. *Id.* at ¶ 19.

The law in this Commonwealth is well settled: in PCRA proceedings based upon claims of ineffective assistance of counsel, the burden is on the defendant to show that counsel's ineffectiveness prejudiced the defense.[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That is, a defendant must show that counsel's error caused the prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987); *Commonwealth v. Washington*, 927 A.2d 586 (Pa. 2007). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, [a] defendant[]

---

[3] We must reiterate that Trial Counsel's performance in this case was not constitutionally ineffective. Although, for the purpose of being thorough, we addressed Defendant's prejudice argument in our Memorandum and Order entered January 28, 2015, an ultimate determination regarding prejudice to Defendant was unnecessary.

must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, ___ U.S. ___, ___, 132 S.Ct. 1399, 1409 (2012).

In the Petition, it was Defendant's contention that the result of his criminal proceeding would have been different because he would have accepted the Commonwealth's plea offer had it been communicated to him immediately before trial. Defendant alleged that he had suffered prejudice by standing trial and he is now suffering penalties that are more severe than those that he would have received by accepting the Commonwealth's plea offer. In our Memorandum and Order denying Defendant's Petition, we held that Defendant failed to satisfy his burden, as we were not convinced that there existed a reasonable probability that he would have accepted the plea offer immediately before trial had it been communicated to him by Trial Counsel. In support of this holding, we found that: (1) Defendant's testimony was not credible; (2) Defendant had previously rejected the very plea offer that was the basis of his Petition; and (3) PCRA Counsel's hindsight question regarding whether Defendant would have accepted the plea offer was not the correct inquiry.

In the Statement, Defendant contends that we misconstrued PCRA Counsel's question[4] by considering it out of context and we erred by improperly weighing the evidence to find that Defendant was not prejudiced. We disagree.

First, we submit that we did not "err ... by improperly construing the question out of context." Certainly, we reviewed this question in the context of the complete evidentiary hearing. However, at that juncture, the onus was on Defendant to demonstrate that there

---

[4] At the evidentiary hearing, PCRA Counsel asked Defendant: "Would you have accepted [the plea] offer -- today, knowing the situation, would you have accepted that offer in order to avoid incarceration and avoid the lifetime reporting responsibility?" (Evidentiary Hearing Transcript at page 5, lines 5-9, December 8, 2014). Defendant answered this question in the affirmative.

4

existed "a reasonable probability" he would have accepted the plea offer had he been afforded the effective assistance of counsel. *Frye*, 132 S.Ct. at 1409. While we certainly understood the basis of the evidentiary hearing and Defendant's underlying arguments, we found it telling that Defendant did not directly testify that he would have accepted the Commonwealth's plea offer, in order to avoid *trial* and the *potential* ramifications stemming from trial. There is little doubt that we would not have applied such strict interpretation to PCRA Counsel's hindsight question absent our credibility determinations, but this question and answer was a factor we considered in reaching our determination that Defendant failed to satisfy his burden.

Most importantly, however, we considered Defendant's credibility. In denying Defendant's Petition based in large part on his lack of credibility, we expressed our consideration of (1) the conflicting, credible testimony of Trial Counsel; and (2) Defendant's tone, mannerisms, and behavior while testifying. Here, we write to again express our determination that Defendant's testimony lacked credibility. Although difficult to articulate in writing, we submit that Defendant's testimony did not carry with it a certain aura of truthfulness. Indeed, this Court had the advantage of seeing Defendant testify in person, and we were able to assess his demeanor, his actions, and his words. The manner in which Defendant testified can best be described as defiant, and when coupled with the conflicting testimony of Trial Counsel and the facts and circumstances surrounding this case, it is clear to us that Defendant lacked what we believe to be necessary credibility. As such, our finding that Defendant did not suffer prejudice was based on our determination that Defendant was being untruthful when he testified that he would have accepted the Commonwealth's plea offer had it been communicated to him immediately before trial.[5]

---

[5] Again, it should be noted that Defendant testified he would have accepted the Commonwealth's plea offer, "*today, knowing the situation.*"

5

RESPECTFULLY SUBMITTED:

John M. Cascio, P.J.

Dated: March 25, 2015

For Commonwealth: Lisa Lazzari-Strasiser, Esq.; District Attorney
For Defendant: Daniel W. Rullo, Esq.